# JESSE C. BOYD

### *v.*

# GEORGE MERRIELL.

1. MARRIED WOMEN—*whether bound by contracts made in their names by their husbands.* Even if a married woman can enter into a contract so as to be bound as a member of an association for business purposes, yet her husband can not, without authority from her, make a binding contract for her by signing her name to the articles of association.

2. PARTIES—*in actions at law.* In a suit against the members of an association for services rendered, the name of a person which was signed to the articles of association without authority, may properly be omitted as a defendant.

3. JOINT OBLIGATION, *of an individual with a body of individuals.* Where an association of persons employ an individual to render a service for them, a third person, not a member of the association, may become jointly bound with them.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The opinion states the case.

Messrs. DENT & BLACK, for the appellant.

Messrs. BONNEY, FAY & GRIGGS, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee against appellant, and several other persons, to recover the value of services rendered by appellee in traveling and examining silver mines in Colorado Territory, and for expenses incurred in performing the service. Appellant, only, appeared and defended the action, and judgment by default was rendered against the other defendants, upon whom service was had, and others not having been served, no proceedings were had against them. The declaration contained only the common counts for work and labor rendered, money paid, laid out and expended. Appellant filed the plea of the general issue, and a plea verified by affidavit, denying his joint liability with his co-defendants. Issues were formed upon these pleas, and the cause was submitted to the court for trial without the intervention of a jury, by consent of the parties. The court found the issues for plaintiff, and rendered judgment for the amount of his claim and costs of suit.

It is urged, that the evidence fails to support the finding of the court below. On the trial, appellee introduced James Larman, who was a defendant, as a witness, and he testified that appellee was employed by defendants to go to Colorado to examine mines there. He testifies that he was employed at a meeting of the association, of which defendant was a member; that defendant acted as chairman of the meeting, and that it was agreed the association would give him $50 per week and pay his expenses while thus engaged; that appellant was at the meeting; that he accompanied appellee to Colorado, and knew that he made the examination; that witness was present at the meeting when appellee made his report; that he was one of the persons who employed appellee.

The evidence shows that appellant was a member of the association, and present at the meeting at which appellee was employed to make the examination. Martin, the secretary, swears he was present, acting as secretary, and corroborates Larman in his testimony as to the employment, and it is shown by the minutes of the meeting, kept by the secretary.

And appellee and others testify to his employment. On this question there seems to be no doubt, and he has made out a clear case, unless, for other reasons, he is not entitled to recover.

It is insisted, that Mrs. Larman, the wife of James Larman, was a member of the association, and that she should have been a defendant. Larman swears he signed her name to the articles of association, but says it was without authority, as he had never consulted with her on the subject, and that it was not with her knowledge or consent. Even if a married woman could enter into such a contract so as to be bound by it, there can be no pretense that such an obligation could be imposed by her husband, in the absence of all authority from her for him to make the agreement. And, in his statements on this question, he stands uncontradicted It is true, appellant swears that Larman informed him that his wife desired to subscribe for stock. Even if he made the statement it did not prove the authority. He is not shown to have been her agent, so as to bind her, if that could be done by his admissions. There is no evidence in the record that Mrs. Larman ever made such an admission, or authorized her husband to make any for her. It then follows that she was properly omitted as a defendant to this action.

It is next urged, that inasmuch as Larman's name was not signed to the articles of association, and as he was not a member, he was not a party to the contract, and that he was not liable, and was an improper party to the suit. If it were conceded that he was not one of the members of the association, it would not follow that he could not become a contracting party with the association, and become jointly bound with them for the performance of an agreement. No reason is perceived why an individual may not unite with a firm, or even a corporation, in making a contract, by which the firm, or corporation, and the individual, would become jointly bound for the performance of the agreement. If the subject matter of the agreement is legal, and a firm, and an individual not a

member of the partnership, were to enter into an agreement with another person, they could, no doubt, be sued for the breach of the contract. And no distinction is perceived between such a case and one where a voluntary association, like that proved in this case, and an individual, not a member, employing a third person to perform labor or services for them.

In this case, Larman acted with, and as a member of, the association at the meeting which employed appellee. He was president of the meeting, and was recognized and treated by the members of the association as one of their number. Larman says, "We agreed to pay plaintiff $50 per week, and pay his expenses," and this he says was at the meeting over which he presided. This evidence, then, leaves no doubt that Larman did jointly contract, with the other defendants, with the appellee for the services for which suit was brought. Having so contracted, it does not matter whether he was or not a member of the association. We perceive no error in this record, and the judgment of the court below is affirmed.

*Judgment affirmed.*